UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ONTIVERSO,<br><br>    Petitioner,<br><br>    v.<br><br>M. MARTEL, et al.<br><br>    Respondents. | NO.  CV-08-2332-RHW<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

    Before the Court is Petitioner's Petition for Writ of Habeas Corpus (Ct. Rec. 1). Petitioner is an inmate at the Mule Creek State Prison, in Ione, California. In his petition, Petitioner raises three grounds for relief: (1) the state court misapplied procedural bar against Petitioner, not allowing due process; (2) Petitioner had his constitutional rights violated by the prison correctional counselor; (3) Petitioner's constitutional rights were violated during the appeals process. Petitioner also seeks appointment of counsel. Petitioner has filed an application to proceed in forma pauperis (Ct. Rec. 2).

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. *See* 28 U.S.C. § 1915(a).

    Petitioner filed this action on October 2, 2008. In his petition, Petitioner did not list the name and location of the court under which the judgment of conviction is under attack, or the date of judgment of conviction, or the length of sentence. Rather it appears that Petitioner is attacking a 128 Chrono that was placed in his

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** ~ 1

file.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution...." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir.1991), *quoting Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. *McCarthy v. Bronson*, 500 U.S. 136, 141-42(1991); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Here, Petitioner is not challenging the legality of his conviction, a parole proceeding, or other adjudication that has led to his current incarceration. He has not alleged that he has lost any time credits. Instead, Petitioner is seeking a remedy for what he believes are constitutional violations. Thus, the proper avenue to seek redress is through a 42 U.S.C. § 1983 action.

The Court will construe Petitioner's habeas petition as a complaint under 42 U.S.C. § 1983. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Pursuant to 28 U.S.C. 1915A, the Court must review the complaint to identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Each of Petitioner's claims will be reviewed under this standard.

**(1)    State Court Misapplied Procedural Bar**

Based on the filing accompanying Petitioner's complaint, it appears that Petitioner filed a habeas petition in Amador County Superior Court in September 27, 2007, and May 1, 2008. Petitioner also filed a Petition with the Third Appellate District Court and with the Supreme Court of California. The petitions were

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS ~ 2**

summarily denied.

In his first claim, Petitioner states that he sought a state court remedy against an arbitrarily written CDC 128 Chrono. Petitioner alleges that the state courts refused Petition redress and unjustly barred him from "due process" without being heard on the merits of the facts.

A federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. *Noel v. Hall*, 341 F.3d 1148, 1154 (2003). To the extent that Claim 1 is a de facto appeal from the state court's judgment denying Petitioner relief, this court does not have subject matter jurisdiction to hear the claim. Petitioner's claim also fails because to the extent he seeks to have obtained damages as a result of the state court's actions, Petitioner has failed to name the state court participants as Defendants. Moreover, judicial officers are entitled to absolute immunity. *See Brown v. California Dept. of Corrections*, 554 F.3d 747, 750 (9th Cir. 2009). Claim 1 is dismissed for failure to state a claim upon which relief may be granted.

**(2)     Retaliation**

Petitioner argues that his prison counselor took direct retaliatory action against Petitioner by delaying the appeal response; by placing Petitioner before the prison psychologist; and causing Petitioner to be put under the threat of a prison transfer.

In order to establish a claim for retaliation in the prison context, Petitioner must allege (1) that a state actor took some adverse action against him; (2) because of (3) his protected conduct; and that such action (4) chilled the inmate's exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005). Here, Petitioner has not identified the prison official who allegedly violated his constitutional rights. As such, Claim 2 is dismissed for failure to state a claim upon which relief may be granted.

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** ~ 3

**(3)     Appeal Violations**

In lieu of providing supporting facts, Petitioner directs the Court to the Third Appellate District Court of Appeal Writ and the supporting facts. It is not clear the nature and extent of this claim. For the reasons stated above, the Court dismisses claim 3 for failure to state a claim upon which relief may be granted.

**(4)     Request for Counsel**

The Court denies to grant Petitioner's request for counsel.

Accordingly, **IT IS HEREBY ORDERED:**

1.   The Court construes Petitioner's Petition for Writ of Habeas Corpus (Ct. Rec. 1) as a Complaint under 42 U.S.C. § 1983, and **dismisses** the complaint, without prejudice.

2.   Petitioner's Request for Appointment of Counsel (Ct. Rec. 3, 9) is **DENIED**.

3.   Petitioner's Application to Proceed IFP (Ct. Rec. 2) is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to Petitioner, and **close the file**.

**DATED** this 2nd day of March, 2010.


                    *s/Robert H. Whaley*

                    ROBERT H. WHALEY
                    United States District Judge

C:\WINDOWS\Temp\notes101AA1\dismiss.wpd

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS ~ 4**